**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**
**INDIANAPOLIS DIVISION**

| | |
|---|---|
| **TIMOTHY E. MELTON, et al.,** | ) |
| | ) |
|    Plaintiffs, | ) |
| | ) |
|      vs. | )   **CAUSE NO.  1:05-cv-691-LJM/VSS** |
| | ) |
| **WASTE MANAGEMENT OF INDIANA, LLC,** | ) |
| **d/b/a WASTE MANAGEMENT,** | ) |
| | ) |
|    Defendant. | ) |

### ENTRY ON MOTION FOR PROTECTIVE ORDER

This cause is before the magistrate judge on the motion for protective order filed by defendant Waste Management of Indiana, LLC ("WMI").  The motion is fully briefed, and the magistrate judge, being duly advised, **GRANTS** the motion for the reasons and to the extent set forth below.  The magistrate judge also **DENIES AS MOOT** WMI's motion for an oral argument on the motion.

This case arises out of an automobile accident that was admittedly caused by the negligence of  a WMI employee who was driving a WMI truck in the course of his employment. Plaintiff Timothy E. Melton was seriously injured in the accident.  Melton asserts in his amended complaint a straightforward negligence claim against WMI; WMI concedes that its driver caused the accident and that it is liable for its driver's negligence.  At issue in this instant motion are Melton's Second Set of Interrogatories and Second Request for Production of Documents, in which Melton seeks a variety of information that is not relevant to his negligence claim, but rather is directed toward determining whether a claim for punitive damages might be warranted based upon acts or omissions of WMI.  Melton seeks, inter alia, information regarding the safety equipment on WMI's fleet of vehicles, its maintenance practices and safety policies, other claims

and lawsuits against it, and other citations against its drivers.

Federal Rule of Civil Procedure 26(b)(1) provides that "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party . . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." The discovery Melton seeks is not relevant to the claims or defenses in this case; however, it is relevant to the subject matter and therefore is subject to a good cause standard. Melton has not demonstrated good cause for expanding the scope of discovery in this case. He has not pointed to anything that suggests that anything other than driver negligence contributed to the accident, and while he states that he wants "to find out if it is a pattern or practice of the Defendant to place a driver in service whose fatigue, or medical or physical condition, may pose a threat to others using the roadways," he has not pointed to any evidence that the driver at issue suffered from fatigue or a medical or physical condition that contributed to the accident. Further, while Melton suggests that the accident may have been caused by poor front brake maintenance, he points to no evidence to support that fact; there is no reason to permit inquiry into the maintenance of WMI's entire fleet of vehicles unless and until the record indicates that the specific truck involved in the accident was improperly maintained and that poor maintenance was a factor in the accident. The same is true for discovery regarding the safety equipment utilized by WMI–unless Melton can demonstrate that the absence of safety equipment somehow contributed to the accident, there is no reason to delve into WMI's overall practices regarding safety equipment.

Melton may seek discovery regarding the driver and the vehicle involved in the accident, but until he is able to demonstrate good cause for broader discovery pursuant to Rule 26(b)(1), WMI's motion for protective order is **GRANTED**.

SO ORDERED: 11/15/2005

*V. Sue Shields*

V. Sue Shields, Magistrate Judge

Copies to:

Thomas Neel Austin
AUSTIN & JONES
tnaindy@aol.com

Garrett Victor Conover
KOPKA PINKUS & DOLIN PC
gvconover@bemwc-law.com admin@bemwc-law.com

Thomas Scot Ehrhardt
BOKOTA EHRHARDT MCCLOSKEY WILSON & CONOVER PC
tsehrhardt@bemwc-law.com

Bruce Grant Jones
AUSTIN JONES & MORKEN
stoicsage@aol.com jilldunn1@aol.com

Richard Paul Long
BOKOTA EHRHARDT MCCLOSKEY WILSON & CONOVER PC
rplong@bemwc-law.com